117 N.J. Super. 122 (1971)
283 A.2d 764
IN THE MATTER OF BENJAMIN F. ROLL, AN ALLEGED INCOMPETENT.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1971.
Decided November 17, 1971.
*123 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Arthur R. Wenczel argued the cause for appellant Next-of-Kin.
Mr. Charles A. Delehey argued the cause for respondent Nellie Geling (Messrs. Lenox, Giordano, Devlin & Barlow, attorneys).
PER CURIAM.
In a contest between appellant Charles W. Roll, nephew of the alleged incompetent, and respondent Mrs. Geling, a sister-in-law, over the right of appointment as guardian, the trial judge decided that while both applicants were fit persons and each "just as much interested in [the incompetent's] welfare" as the other, the appointment should go to the sister-in-law basically because she had been closer to the incompetent and his recently deceased wife and had arranged for his commitment to a hospital. She is also the sole beneficiary under his present will. Thus the "best interests" of the incompetent's estate would "probably" be served by appointment of Mrs. Geling.
*124 The pertinent statute, N.J.S.A. 3A:6-36, as amended in 1968, reads:
In any case where a guardian is to be appointed, letters of guardianship shall be granted to the spouse, if the spouse was living with the incompetent as man and wife at the time the incompetency arose, or to the next of kin, or if none of them will accept the letters or it is proven to the court that no appointment from among them will be to the best interest of the incompetent or his estate, then to such other proper person as will accept the same.
Insofar as the issue before us is concerned, the present rule of practice is substantially to the same effect. R. 4:83-6 (c).
We are in agreement with appellant's contention that the statute (and rule) gives a preference to the next of kin as against other persons and that such preference must be recognized unless it it shown to the court's satisfaction that the appointment of next-of-kin would be affirmatively contrary to the best interests of the incompetent or his estate in the sense of being deleterious thereto in some significant way. The statute does not mean that of two entirely fit persons, one a next-of-kin and the other not, the court may indulge in a weighing contest as to whose appointment would better serve the interests of the incompetent or his estate. It would appear that the present framework of statute and rule was designed to eliminate the former practice under which the court commonly appointed a friend of the court. See 6 N.J. Practice, (Clapp, Wills and Administration (3 ed. 1962), § 767 at 363.
Under the proofs and fact-findings of record, Roll is entitled to the appointment. He may apply to the trial court for counsel fees for services rendered relative to this contest below and on this appeal, to be paid out of the estate. No other costs.
Reversed.